REQUESTED BY: Senator Vard R. Johnson Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Johnson:
You have asked whether correspondence and memoranda of a state senator are presently covered by Neb.Rev.Stat. § 84-712
et seq. (Reissue 1981), of the Freedom of Information Act.
In response we first point out that § 84-712.01 (Reissue 1981) provides in part:
 (1) Except where any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, . . . or any . . . branch, . . . of any of the foregoing.
In the past we have said:
 It may be said that a public record is one that is kept by virtue of a duty imposed by law upon an agency or officer which is not expressly or by necessary implication made confidential, privileged, or private by statute. A further definition of public records is contained in § 81-1117.04, (Reissue 1981). . . With these definitions it may be said that all records generated by state officers or agencies are public except where made private, confidential or privileged by law. . . .
 Historically, the State of Nebraska has implemented public access to public records. As early as 1886 the Supreme Court in State v. Meeker, 19 Neb. 106, 26 N.W. 620 (1886), compelled a clerk of a district court to disclose the records of his office. The statute at that time provided:
 "All citizens of this state and all other persons interested in the examination of public records are hereby fully empowered and authorized to examine the same free of charge during the hours of respective officers may be kept open for the ordinary transaction of business."
 That early statute with minor modification survives today as sec. 84-712, R.R.S. 1943.
Report of the Attorney General, No. 195, 1975-1976
In addition to the above, from our examination of the legislative history of the above statutes, we do not find any attempt to make documents generated by any state employee, the property of the employee or to be exempt from examination by the public.
Beyond our former conclusion, in the context of your specific question, it is our further conclusion that any record generated by an employee of the state within the course of their employment is state property, and as such is public unless made private, confidential or privileged by law.
With regard to a possible exemption of some specific records of members of the Legislature, we refer to that part of § 84-712.05 (Reissue 1981) which provides:
 The following records, unless publicly disclosed in an open court, open administrative proceeding or open meeting or disclosed by a public entity pursuant to its duties, may be withheld from the public by the lawful custodian of the records:
. . . .
 (5) Records developed or received by . . . public bodies charged with duties of investigation or examination. . .
In this regard we have said that records of phone calls paid for by public funds are generally available for public inspection but that such records pertaining to work done by individual members of the Legislature as a part of their duties of `investigation and examination', are exempt from public disclosure.
This leaves the question of what constitutes records which are a part of a member of the Legislature's duties of `investigation and examination' a question of fact, in each case determinable pursuant to the provisions of § 84-712.03
(Reissue 1981), and not a question of law to which we could address ourselves.
In summary, it is our conclusion that all documents in the possession of a member of the Legislature which are generated or received in the course of their exercising their duties as members of the Legislature, are a public record and subject to examination unless they are developed or received under a legislator's powers of `investigation and examination'.
Very truly yours, PAUL L. DOUGLAS Attorney General Bernard L. Packett Assistant Attorney General